## ORDER

PER CURIAM

AND NOW, this 22nd day of August, 2017, the Petition for Allowance of Appeal is **DENIED**.

IN RE: Appeal of Aram K. JERREHIAN, Jr. from the Decision Dated December 9, 2014 of the Zoning Hearing Board of the Township of Lower Merion Montgomery County, Pennsylvania

Petition of: Jeffrey and Marsha Perelman

In re: Appeal of Jeffrey and Marsha Perelman from the Opinion and Order Dated December 9, 2014 of the Zoning Hearing Board of Lower Merion in the Matter of Jeffrey and Marsha Perelman Regarding the Preliminary Opinion Issued Pursuant to Section 155-105.1 of the Township Code Regarding 115 Cherry Lane, Wynnewood, PA

Petition of: Jeffrey and Marsha Perelman

In re: Appeal of Aram K. Jerrehian, Jr. from the Decision Dated December 9, 2014 of the Zoning Hearing Board of the Township of Lower Merion, Montgomery County, Pennsylvania

Petition of: Jeffrey and Marsha Perelman

No. 213 MAL 2017
No. 214 MAL 2017
No. 215 MAL 2017

Supreme Court of Pennsylvania.

August 22, 2017

## ORDER

PER CURIAM

**AND NOW**, this 22nd day of August, 2017, the Petition for Allowance of Appeal is **DENIED**.

IN RE: DUA DIAMONDS, INC. and Jasmeen Kaur

Petition of: DUA Diamonds, Inc. and Jasmeen Kaur

No. 85 EM 2017

Supreme Court of Pennsylvania.

August 22, 2017

## ORDER

PER CURIAM

**AND NOW**, this 22nd day of August, 2017, the Emergency Application Pursuant to Pa.R.A.P. 3315 To Reinstate Trial Court Order Lifting Automatic Supersedeas is **DENIED**.

Justice Wecht files a Dissenting Statement in which Justice Donohue joins.

JUSTICE WECHT, Dissenting

Today, this Court denies the emergency application for relief filed by DUA Diamonds, Inc., ("DUA") and Jasmeen Kaur (collectively, "Applicant"). I respectfully dissent. For the reasons set forth below, I would grant the application and reinstate the trial court's order lifting the automatic *supersedeas*.

In this case, police officers executed a search warrant on Applicant's jewelry stores. The warrant specified that only the jewelry that was "identifiable" as being the subject of ongoing burglary investigations was to be seized. *See* Trial Ct. Op.; 8/4/2017, at 2. The Commonwealth's own evidence later demonstrated that only approximately 2% of the jewelry that was seized was connected to any crime. *Id.* at 2 (noting that, of approximately 50,000 items seized, "only 1,000 pieces were 'identifiable' as part of a crime"), 16 ("48,093 pieces [were] not identified as being part of a crime"). Nonetheless, police officers seized Applicant's entire inventory. *Id.* at 1–2. The origin of some of the inventory could not be ascertained, but the trial court specifically credited testimonial and documentary evidence demonstrating that "95% of the inventory confiscated by the Commonwealth [was] bought from wholesalers and, therefore, was legitimate and not proceeds of a crime." *Id.* at 9–10. The trial court's finding notwithstanding, the Commonwealth has retained Applicant's property, and has continued to operate a website upon which it advertised and posted photographs of all of Applicant's inventory, inviting members of the public to claim any items that belong to them.[1] *Id.* at 12.

Applicant filed a petition for the return of property. The trial court granted Applicant's petition, and ordered the Commonwealth to return the pieces of jewelry that were unconnected to any crime, while allowing the Commonwealth to retain the pieces that served as evidence of a criminal enterprise. To minimize any possibility that Applicant irretrievably would dissipate jewelry later determined to be connected to the crimes under investigation, the trial court ordered Applicant to photograph every item subsequently sold, to keep receipts with those photographs, and

1. http://montcopa.org/JewelryWebsite (last visited August 18, 2017).